FILED

1  PMB-722  _(Full Name)_

2  106 1/2 Judge John Aiso St _(Address Line 1)_

3  Los Angeles, CA 90012 _(Address Line 2)_

2023 JAN -3 PM 5:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY____ **rsm**

4  (512) 4 DOE 757 _(Phone Number)_

5  Plaintiff in Pro Per

6

7

8  ### UNITED STATES DISTRICT COURT

9  ### CENTRAL DISTRICT OF CALIFORNIA

10

11  MIST ER DOE ... ,

12        **Plaintiff,**

13        vs.

14  FOE DOE GRAPH ERs,

15  et al.

16

17

18        **Defendant(s).**

19

|  |  |
|---|---|
| **Case No.:** **2:23-CV-00019-JWH-SHK** | |
| _(To be supplied by the Clerk)_ | |
| **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)** | |
| **Jury Trial Demanded:** ☑ Yes ☐ No | |

20

_(All paragraphs and pages must be numbered.)_

21  ### I. JURISDICTION

22  1.    This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

23  Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

24

25  ### II. VENUE

26  2.    Venue is proper pursuant to 28 U.S.C. § 1391 because defendants

27  reside, may be found, and maintainence

28  minimum contacts in Downtown Los Angielles.

1 of 6

Pro Se Clinic Form                            _Page Number_

### III. PARTIES

3.  Plaintiff ___MISTER DOE ...___ resides at:
_(your full name)_

___622 WaLL ST.___

___LOS Angeles, CA  90014___
_(your address)_

_(You should specifically identify each Defendant you intend to sue in a separate, numbered paragraph.)_

4.  Defendant ___FOE DOE GRAPH ER(s)___ works at
_(full name of Defendant)_

___U.S. Dis. Court for the C. D. CA.___
_(Defendant's place of work)_

Defendant's title or position is ___MARSHALL, inter a. lia.___
_(Defendant's title or position at place of work)_

This Defendant is sued in his/her (check one or both):

☑ individual capacity            ☑ official capacity

This Defendant was acting under color of law because: ___CONDUCT___
___is "[Telo]mere.ly p[ublic]" 21-cv-6293(KAM)___
___quoting Conejo v. Bell; Mut. v. Sullivan; & Blum.___

5.  Defendant _____ works at
_(full name of Defendant)_

_____
_(Defendant's place of work)_

Defendant's title or position is _____
_(Defendant's title or position at place of work)_

This Defendant is sued in his/her (check one or both):

☐ individual capacity            ☐ official capacity

This Defendant was acting under color of law because: _____

_____

_____

_Mot. for leave to Amend_

2 of 6

Pro Se Clinic Form                    _Page Number_

## IV. STATEMENT OF FACTS

*(Explain what happened in your own words. You do not have to cite legal authority in this section. Be specific about names, dates, and places. Explain what each Defendant did. Remember to number every paragraph.)*

1. @ apx. 1400 "Blue Coat" Marshall admitted to the Clerk of Court that Pictures had been taken. Multiple pictures taken ... in the courthouse.

A. The picture taken were Plaintiff.

2. It is well settled that taking pictures is not permitted.

3. "In this new complaint, Plaintiff asserts that Defendants 'intentionally violated' his 'IP rights' and 'has not paid' him for 'artist work.'" 17-cv-9572-CM DOC 4 Pg 5 of 15

3 of 6

Pro Se Clinic Form

*Page Number*

## V. CLAIMS

### Claim #1

1. Plaintiff realleges and incorporates by reference all of the paragraphs above.

*Insert ¶ #*

2. Plaintiff has a claim under 42 U.S.C. §1983 for violation of the following
*Insert ¶ #* federal constitutional or statutory civil right:

In deed and in act.

3. The above civil right was violated by the following Defendants:
*Insert ¶ #*

BALD - MUSTACHE, "BLUE COAT" MARSHALL
("BMM")

(You may list facts supporting your claim. Be specific about how each Defendant violated this particular civil right.)

4. BMM admitted to other marshalls
*Insert ¶ #* in Plain's company that he took
the pictures of plaintiff.

Another Marshall admitted to clerk
of court he had knowledge and witnessed
the taken photoes. "IP".

5. As a result of the Defendant's violation of the above civil right, Plaintiff
*Insert ¶ #* was harmed in the following way: Infringement
resulting in misappropriation of
congressonl and private/public fund.

4 of 6

Pro Se Clinic Form                    *Page Number*

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

1. *Insert ¶ #* "... the appropriate remedy is a humble prayer to the Holy mother of our Land Jesus Christ — the supreme justice." 21-1984 (JXN) (JBC)

2. *Insert ¶ #* 60+ minute writ, costs ... ?

*Insert ¶ #*

*Insert ¶ #*

Dated: 1 3 23
Sign:
Print Name: MISTER DOE ...

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: 1 3 23

Sign:

Print Name: MISTER DOE ...

6 of 6

*Page Number*

Pro Se Clinic Form

EX.

"A"

Rights Complaint

# CENTRAL DISTRICT OF CALIFORNIA

## IMPORTANT INFORMATION - PLEASE READ CAREFULLY
## INSTRUCTIONS FOR FILING A CIVIL ACTION BY A NON-PRISONER

---

### INSTRUCTIONS AND PROCEDURES

1. **CIVIL COMPLAINT** - You must file a "Civil Complaint" in the form and manner as set forth in Local Rule 11 of this Court. Any complaint in any other form will not be accepted by the Clerk's Office. The complaint must be prepared by you. This office does not have any standard forms for this purpose. The complaint must also be accompanied by a:

   A.   Summons - AO-440 (Original plus two copies)
   B.   Civil Cover Sheet - CV-71 (Original plus two copies)
   C.   Certification and Notice of Interested Parties - CV-30 (Original plus three copies)

   These three forms are available in the Clerk's Office. They must be completed in full. Each original document filed in this Court must also be accompanied by a clear and legible copy of the document filed. Both the original and copy must be blue-backed.

2. **FILING FEE** - The filing fee for a civil complaint is $400.00. Personal checks are NOT accepted.

3. **FILING IN FORMA PAUPERIS** - If you are unable to pay the filing fee, you may petition the Court to allow you to file your complaint without the prepayment of the filing fee. Forms for your use are available in the Clerk's Office. These forms must also accompany the complaint.

4. **REQUEST FOR APPOINTMENT OF AN ATTORNEY** - A request for appointment of an attorney must be prepared by you in the form and manner set forth in Local Rule 11. A request in any other form will not be accepted.

   The request must accompany the complaint and be presented as a separate document. Your request must also state the reasons why you want the Court to appoint an attorney for you.

### OTHER INFORMATION

**PLEASE DO NOT** seek the assistance of an employee of this office to help you in this matter. Title 28 U.S.C. 955 prohibits members of this office from providing any type of legal advice.

In the event the Court denies your request for the appointment of any attorney and you find yourself acting as your own attorney, you must comply with all Local Rules of this Court.

Copies of the Local Rules are available in any law library or from this Court's website at: www.cacd.uscourts.gov/court-procedures/local-rules. Pertinent parts of Local Rules 3, 5, 7, 8, 11, 15, 16, 19, 26, 38, 41, 56, and 83, as well as Federal Rule of Civil Procedure 4(i)(1), are attached for your information and convenience.

Also attached is a list of lawyer referral services.

## F.R.CIV.P. 4 SUMMONS

**(i)**    **Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

    **(1)**    *United States.* To serve the United States, a party must:

        **(A)(i)**  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

          **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

        **(B)**    send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

        **(C)**    if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

---

## LOCAL RULES OF THE CENTRAL DISTRICT OF CALIFORNIA
## (EXCERPTS)

### F.R.Civ.P. 3. COMMENCING AN ACTION

*L.R. 3-1  Civil Cover Sheet and Other Forms Required at the Time of Filing a New Action.* All civil actions presented to the Clerk for filing must be accompanied by a Civil Cover Sheet (Form CV-071) completed and signed by the attorney or party presenting the matter. In all cases where jurisdiction is invoked in whole or in part under 28 U.S.C. § 1338 (regarding patents, plant variety protection, copyrights and trademarks), the attorney or party presenting the matter must also provide at the time of filing the required notice to the Patent and Trademark Office in patent, plant variety protection and trademark matters (Form AO-120) and the required notice to the Copyright Office in copyright matters (Form AO-121). Copies of the Civil Cover Sheet and other forms are available from the Court's website, www.cacd.uscourts.gov.

*L.R. 3-2  Filing of Initiating Documents.* Unless exempted from electronic filing pursuant to L.R. 5-4.2, case-initiating documents, such as complaints and notices of removal, and all concurrently filed documents must be prepared in the English language and must be filed electronically using the Court's CM/ECF System, in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules of this Court.

### F.R.Civ.P. 5. SERVING AND FILING PLEADINGS AND OTHER PAPERS

*L.R. 5-2  Filing In Forma Pauperis.* An action to be filed *in forma pauperis* shall be accompanied by a motion, with supporting declaration. The declaration shall set forth information sufficient to establish that the movant will be unable to pay the fees and costs or give security therefor. The Clerk shall supply forms which may be used for an application to proceed *in forma pauperis.*

*L.R. 5-3  Serving Documents.* Unless service is governed by F.R.Civ.P. 4, documents must be served as follows:

#### L.R. 5-3.1  Service of Documents Not Filed Electronically.

*L.R. 5-3.1.1  Service.* Documents presented to the Clerk for filing or lodging in paper format pursuant to L.R. 5-4.2 must be served in accordance with F.R.Civ.P. 5. All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2.

***L.R. 5-3.1.2  Proof of Service.***  Proof of service for documents served pursuant to L.R. 5-3.1.1 must be made by declaration of the person accomplishing the service.  If the proof of service declaration is attached to the original document, it must be attached as the last page(s) of the document.  The proof of service declaration must include the following information:

        (a)     The day and manner of service;

        (b)     Each person and/or entity served;

        (c)     The title of each document served; and

        (d)     The method of service employed (e.g., personal, mail, substituted, etc.).

## F.R.Civ.P. 6.  COMPUTING AND EXTENDING TIME; TIME FOR MOTION PAPERS

***L.R. 6-1  Notice and Service of Motion.***  Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service.  If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice.  If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice. The Court may order a shorter time.  Unless otherwise ordered by the Court, the Clerk shall place each motion on the Motion Day calendar for the date designated in the written notice of motion.

## F.R.Civ.P. 7.  PLEADINGS ALLOWED; FORMS OF MOTIONS AND OTHER PAPERS

***L.R. 7-1  Stipulations.***  Stipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding.  Written stipulations affecting the progress of the case shall be filed with the Court, be accompanied by a separate order as provided in L.R. 52-4.1, and will not be effective until approved by the judge, except as authorized by statute or the F.R.Civ.P.

***L.R. 7-2  Applicability.***  The provisions of this rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits (all such being included within the term "motion" as used herein) unless otherwise ordered by the Court or provided by statute, the F.R.Civ.P., or the Local Rules.

***L.R. 7-3  Conference of Counsel Prior to Filing of Motions.***  In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion.  If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

***L.R. 7-4  Motions.***  The Court may decline to consider a motion unless it meets the requirements of L.R. 7-4 through 7-8. On the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed. The notice of motion shall contain a concise statement of the relief or Court action the movant seeks.

***L.R. 7-5  Moving Papers.***  There shall be served and filed with the notice of motion:

(a) A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and

(b) The evidence upon which the moving party will rely in support of the motion.

**_L.R. 7-6  Evidence on Motions._** Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

**_L.R. 7-7  Form and Content of Declarations._** Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4).

**_L.R. 7-8  Presence of Declarants - Civil Cases_**. On motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions where an issue of fact is to be determined (e.g., civil contempt, but excluding motions contesting venue and personal jurisdiction), not later than fourteen (14) days prior to the hearing, a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may serve by hand (or facsimile or by electronic filing) and file a notice of request to cross-examine such declarant. If the party offering the declaration disputes that the declarant is within the subpoena power of the Court and reasonably available to the offering party, such party shall serve and file an objection to the notice of request to cross-examine not later than eleven (11) days prior to the hearing. The offering party shall be under no obligation to produce the declarant unless the Court has granted the request to cross-examine by written order not later than three (3) days prior to the hearing. No declaration of a declarant with respect to whom such a request has been granted shall be considered unless such declarant is personally present and available at the hearing for such cross-examination as the Court may permit. The Court may, in the alternative, order that the cross-examination be done by deposition taken on two (2) days' notice with the transcript being lodged five (5) days prior to the hearing. The Court may impose sanctions pursuant to these Local Rules against any party or counsel who requests the presence of any declarant without a good-faith intention to cross-examine the declarant.

**_L.R. 7-9  Opposing Papers._** Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

**_L.R. 7-10  Reply Papers._** A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence. Absent prior written order of the Court, the opposing party shall not file a response to the reply.

**_L.R. 7-11  Continuance of Hearing Date._** Unless the order for continuance shall specify otherwise, the entry of an order continuing the hearing of a motion automatically extends the time for filing and serving opposing papers and reply papers to twenty-one (21) days and fourteen (14) days, respectively, preceding the new hearing date. A stipulation to continue shall provide the date the opposition and reply papers are due to be filed with the Court.

**_L.R. 7-12  Failure to File Required Documents._** The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition.

***L.R. 7-13  Sanctions for Late Filing.***  A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P.

***L.R. 7-14  Appearances at Hearing.***  Counsel for the moving party and the opposing party shall be present on the hearing date and shall have such familiarity with the case as to permit informed discussion and argument of the motion.  Failure of any counsel to appear, unless excused by the Court in advance pursuant to L.R. 7-15 or otherwise, may be deemed consent to a ruling upon the motion adverse to that counsel's position.

***L.R. 7-15  Oral Argument - Waiver.***  Counsel may, with the consent of the Court, waive oral argument. Counsel who have agreed to waive oral argument shall advise the court clerk of such agreement by no later than noon on the fifth day preceding the hearing date.  The court clerk shall advise the parties by no later than noon on the court day preceding the hearing date as to whether the Court has consented to the waiver of oral argument.  The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.

***L.R. 7-16  Advance Notice of Withdrawal or Non-Opposition.***  Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing.  Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

***L.R. 7-17  Resubmission of Motions Previously Acted Upon.***  If any motion, application or petition has been made to any judge of this Court and has been denied in whole or in part or has been granted conditionally or on terms, any subsequent motion for the same relief in whole or in part, whether upon the same or any allegedly different state of facts, shall be presented to the same judge whenever possible.  If presented to a different judge, it shall be the duty of the moving party to file and serve a declaration setting forth the material facts and circumstances as to each prior motion, including the date and judge involved in the prior motion, the ruling, decision, or order made, and the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion. Any failure to comply with the foregoing requirements shall be the basis for setting aside any order made on such subsequent motion, either sua sponte or on motion or application, and the offending party or attorney may be subject to the sanctions provided by L.R. 83-7.

***L.R. 7-18  Motion for Reconsideration.***  A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

***L.R. 7-19  Ex Parte Application.***  An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof.  An applicant also shall lodge the proposed ex parte order.

   ***L.R. 7-19.1  Notice of Application.***  It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

   ***L.R. 7-19.2  Waiver of Notice.***  If the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice (which in the instance of a TRO

means that the requisite showing under F.R.Civ.P. 65(b) has been made), the judge may waive the notice requirement of L.R. 7-19.1.

***L.R. 7-20  Orders on Motions and Applications.*** A separate proposed order shall be lodged with any motion or application requiring an order of the Court, pursuant to L.R. 52-4.1. Unless exempted from electronic filing pursuant to L.R. 5-4.2, each proposed order shall comply with L.R. 5-4.4.

### F.R.Civ.P. 7.1. DISCLOSURE STATEMENT

***L.R. 7.1-1  Notice of Interested Parties.*** To enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties shall file with their first appearance a Notice of Interested Parties, which shall list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case, including any insurance carrier that may be liable in whole or in part (directly or indirectly) for a judgment in the action or for the cost of defense. If the Notice of Interested Parties is filed with the Clerk in paper format pursuant to L.R. 5-4.2, an original and two copies shall be filed. If the Notice of Interested Parties is filed electronically, Mandatory Chambers Copies shall be delivered to both the assigned district judge and the assigned magistrate judge. Counsel shall be under a continuing obligation to file an amended Notice if any material change occurs in the status of interested parties, as through merger or acquisition or change in carrier that may be liable for any part of a judgment.

The Notice shall include the following certification:

"The undersigned, counsel of record for _____, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(Here list the names of all such parties and identify their connection and interest.)

Signature, Attorney of Record for:"

### F.R.Civ.P. 8. GENERAL RULES OF PLEADING

***L.R. 8-1  Jurisdiction - Allegations.*** The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction.

***L.R. 8-2  Three-Judge Court - Identification in Pleading.*** If a party contends that the matter filed requires hearing by a court composed of three judges, the words "Three-Judge Court" shall be typed immediately below the docket number.

***L.R. 8-3  Response to Initial Complaint.*** A stipulation extending the time to respond to the initial complaint shall be filed with the Clerk. If the stipulation, together with any prior stipulations, does not extend the time for more than a cumulative total of thirty (30) days from the date the response initially would have been due, the stipulation need not be approved by the judge. Any such stipulation must have as its title "Stipulation to Extend Time to Respond to Initial Complaint By Not More than 30 days (L.R. 8-3)". Directly beneath the title, the parties shall state when the Complaint was served, when a response currently is due, and when it will be due following the filing of the stipulation. For example:

| John Smith | ) | CV 08-20000-ABC (RZx) |
| | ) | |
| | ) | Stipulation to Extend Time to Respond to |
| v. | ) | Initial Complaint By Not More Than 30 |
| | ) | Days (L.R. 8-3) |
| | ) | |
| James Jones | ) | Complaint served:  September 15, 2008 |
| | ) | Current response date:  October 6, 2008 |

)     New response date: November 5, 2008

This rule shall not apply to answers, replies or other responses to cross-claims, counterclaims, third-party complaints or any amended or supplemental pleadings.

## F.R.Civ.P. 11.  SIGNING PLEADINGS, MOTIONS, AND OTHER PAPERS; REPRESENTATIONS TO COURT; SANCTIONS

***L.R. 11-1  Signature of Counsel.***  All documents, except declarations, shall be signed by the attorney for the party or the party appearing pro se.  The name of the person signing the document shall be clearly typed below the signature line.

***L.R. 11-2  Facsimile Documents.***  Documents may not be transmitted by facsimile directly to the Clerk's office for filing.  However, copies of facsimile documents shall be accepted for filing, provided that they are legible.  The original of any faxed document, including the original signature of the attorney, party or declarant, shall be maintained by the filing party until the conclusion of the case, including any applicable appeal period, subject to being produced upon order of the Court.

### *L.R. 11-3  Documents Presented to the Court - Form and Format*

***L.R. 11-3.1  Legibility.***  All pleadings, motions, affidavits, declarations, briefs, points and authorities, and other documents, including all exhibits thereto (hereinafter collectively referred to as "documents"), presented for filing or lodging with the Clerk shall be typewritten or printed, or prepared by a photocopying or other duplicating process that will produce clear and permanent copies equally legible to printing, in black or dark blue ink.

***L.R. 11-3.1.1  Font.***  Either a proportionally spaced or a monospaced font may be used.  A proportionally spaced font must be standard (e.g., non-condensed) 14-point or larger, or as the Court may otherwise order.  A monospaced font may not contain more than 10-1/2 characters per inch.

***L.R. 11-3.2  Paper.***  All documents shall be formatted for 8 ½ x 11 inch paper, and shall be numbered on the left margin with not more than 28 lines per page.  The lines on each page shall be double-spaced and numbered consecutively with line 1 beginning at least one inch below the top edge of the paper.  All documents presented to the Clerk for filing or lodging in paper format, and all mandatory chambers copies, shall be submitted on opaque, unglazed, white paper (including recycled paper) not less than 13-pound weight; only one side of the paper shall be used.

***L.R. 11-3.3  Pagination.***  All documents shall be numbered consecutively at the bottom of each page.

***L.R. 11-3.4  Original; Copies.***  The original of a document shall be labeled as the original and shall consist entirely of the original pages, except as otherwise allowed by these rules.  All copies, including mandatory chambers copies if required by the assigned judge's orders or written procedures, are to be clearly identified as such.

***L.R. 11-3.5  Pre-Punching of Documents.***  All documents presented for filing or lodging with the Clerk in paper format, and all mandatory chambers copies, if required by the assigned judge's orders or written procedures, shall be pre-punched with two (2) normal-size holes (approximately 1/4" diameter), centered 2-3/4 inches apart, 1/2 to 5/8 inches from the top edge of the document.  All pages shall be firmly bound at the top.

***L.R. 11-3.6  Spacing.***  The typing or printing on the document shall be double spaced, including citations and quotations.

***L.R. 11-3.6.1  Footnotes - Exception.***  Footnotes may be single spaced.

***L.R. 11-3.6.2  Real Property Description - Exception.***  The description of real property may be single spaced.

***L.R. 11-3.6.3  Corporate Surety Bonds - Exception***. Printed forms of corporate surety bonds and undertakings may be single spaced and have unnumbered lines if they comply generally with the space requirements of this rule.

***L.R. 11-3.7  Quotations***. Quotations from cited cases or other authorities more than one sentence in length shall be clearly indented not less than 5 spaces nor more than 20 spaces.

***L.R. 11-3.8  Title Page***. On the first page of all documents:

(a) The name, California bar number, office address (or residence address if no office is maintained), the telephone and facsimile numbers, and the e-mail address of the attorney or a party appearing pro se presenting the document shall be placed commencing with line 1 at the left margin. The e-mail address shall be placed immediately beneath the name of the attorney. Immediately beneath, the party on whose behalf the document is presented shall be identified. All this information shall be single spaced. When a document is presented, the information set forth in this paragraph shall be supplied for each attorney or party appearing pro se who joins in the presentation of that document.

(b) The space between lines 1 and 7 to the right of the center of the page shall be left blank for use by the Clerk.

(c) The title of the Court shall be centered on or below line 8.

(d) The names of the parties shall be placed below the title of the Court and to the left of center, and single spaced. If the parties are too numerous, the names may be continued on the second or successive pages in the same space. In all documents, after the initial pleadings, the names of the first-named party only on each side shall appear.

(e) The docket number of the case shall be placed to the right of the center of the page and immediately opposite the names of the parties on the first page. Immediately below the docket number shall appear a concise description of the nature of the document (e.g., notice of motion, memorandum in support or opposition). Immediately below the description shall appear the time and date of the hearing on the matter to which the document is addressed.

(f) The title of a complaint or petition shall state the nature of the action or proceeding.

***L.R. 11-3.9  Citations***

***L.R. 11-3.9.1  Acts of Congress***. All citations to Acts of Congress shall include a parallel citation to the United States Code by title and section.

***L.R. 11-3.9.2  Regulations***. All citations to regulations shall include a citation to the Code of Federal Regulations by title and section, and the date of promulgation of the regulation.

***L.R. 11-3.9.3  Cases***. Citation to a U.S. Supreme Court case must be to the United States Reports, Lawyers' Edition, or Supreme Court Reporter if available. Citation to a case from any other federal court must be to the Federal Reporter, Federal Supplement, or Federal Rules Decisions if available. Citation to a state court case must be to the official state reporter or any regional reporter published by West Publishing Company if available. If a case is not available in the foregoing sources, but is available on an electronic database (e.g., LEXIS or Westlaw), citation to the case must include the case name, the database identifier, the court, the date of decision, any code or number used by the database to identify the case, and any screen or page numbers assigned.

***L.R. 11-3.10  Translations Required***. Claim-Initiating Documents, as defined in L.R. 3-2, must be presented for filing in the English language. All other documents must be presented in English unless: (a) an English translation is concurrently provided; or (b) the Court orders otherwise upon a showing of good cause.

***L.R. 11-4  Copies***

### L.R. 11-4.1  In General.

**L.R. 11-4.1.1  Electronically Filed Documents.**  Mandatory chambers copies of all electronically filed documents must be provided in accordance with L.R. 5-4.5. Unless otherwise ordered by the judge, all mandatory chambers copies must include the Notice of Electronic Filing (NEF) as the last page of the document, and must be blue-backed. The backing must extend no more than one inch below the bound pages, and the short title of the document must be typed on its lower right-hand corner.

**L.R. 11-4.1.2  Non-Electronically Filed Documents.**  All paper documents filed manually with the Clerk, including all exhibits to documents, must be accompanied by one clear, conformed, and legible copy for the use of the judge. The original document must be labeled "Original," and should not be blue-backed. The copy must be labeled "Copy," and must be blue-backed, unless the judge has specified otherwise. The copy's backing must extend no more than one inch below the bound pages, and the short title of the document must be typed on its lower right-hand corner.

**L.R. 11-4.2  Three-Judge Court.**  If the matter is one that is to be heard by a three-judge court, mandatory chambers copies of all electronically filed documents shall be provided to each assigned judge in accordance with L.R. 5-4.5. For documents exempted from electronic filing pursuant to 5-4.2 and filed with the Clerk in paper format, three clear, conformed, and legible copies of the original shall be provided to the Clerk (one for the use of each of the assigned judges).

### L.R. 11-4.3  Carbon Copies [DELETED].

**L.R. 11-4.4  Conformed Copy.**  Copies shall be conformed to the original but need not be executed. Conformed copies shall be identical to the original in content, pagination, additions, deletions and interlineations.

**L.R. 11-4.5  Request for Conformed Copy.**  If the party presenting a document for filing in paper format requests the Clerk to return a conformed copy by United States mail, an extra copy shall be submitted by the party for that purpose accompanied by a postage-paid, self-addressed envelope.

### L.R. 11-5  Exhibits to Documents

**L.R. 11-5.1  Non-Paper Physical Exhibits.**  Non-paper physical exhibits shall not be attached to any document. A non-paper physical exhibit shall be placed in a secure container identified by the case name and number and the name, address, and telephone number of the submitting party and lodged with a separately filed Notice of Lodging, which shall include a description of the exhibit and an explanation for why it is not possible to attach the exhibit to the document to which it relates. Unless the filer is exempted from electronic filing pursuant to L.R. 5-4.2(a), the Notice of Lodging shall be filed electronically prior to lodging the exhibit, and the Notice of Lodging, together with its NEF (see L.R. 5-3.2.1), shall be presented with the exhibit to be lodged.

**L.R. 11-5.2  Paper Exhibits – Attachment and Numbering.**  Unless compliance is impracticable, a paper exhibit shall be filed as an attachment to the document to which it relates and shall be numbered at the bottom of each page consecutively to the principal document. Exhibits filed electronically shall comply with this rule unless precluded by L.R. 5-4.3.1.

**L.R. 11-5.3  Exhibit Number.**  The exhibit number shall be placed immediately above or below the page number on each page of the exhibit. Exhibits shall be tabbed in sequential order.

**L.R. 11-5.4  Size of Paper.**  Whenever possible, exhibits shall be formatted for 8 ½ x 11 inch paper, and should be filed in accordance with L.R. 11-5.2. Exhibits that are too large to scan shall be folded in such a manner as not to exceed an 8 ½ x 11 inch sheet, and filed with the Clerk in paper format. Unless otherwise exempted from electronic filing pursuant to L.R. 5-4.2(a), the party presenting the exhibits to the Clerk for filing in paper format shall first electronically file a Notice of Manual Filing setting forth

the reason(s) why the exhibit cannot be filed electronically. The Notice of Manual Filing, together with its NEF (see L.R. 5-3.2.1), shall be presented with the exhibits to be filed.

***L.R. 11-5.5 Small Exhibits.*** An exhibit smaller than 8 ½ x 11 inches shall be attached to an 8 ½ x 11 inch sheet.

***L.R. 11-6 Points and Authorities - Trial Briefs - Length***. No memorandum of points and authorities, pre-trial brief, trial brief, or post-trial brief shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge.

***L.R. 11-7 Appendices.*** Appendices shall not include any matters which properly belong in the body of the memorandum of points and authorities or pre-trial or post-trial brief.

***L.R. 11-8 Table of Contents and Table of Authorities.*** Any memorandum of points and authorities or any brief exceeding ten (10) pages in length, excluding exhibits, shall be accompanied by an indexed table of contents setting forth the headings or subheadings contained in the body thereof, and by an indexed table of the cases, statutes, rules, and other authorities cited.

***L.R. 11-9 Sanctions***. The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7.

## F.R.Civ.P. 15. AMENDED AND SUPPLEMENTAL PLEADINGS

***L.R. 15-1 Separate Document.*** Any proposed amended pleading must be filed as an attachment to the related motion or stipulation. In addition, unless exempted from electronic filing by L.R. 5-4.2(a)(1), a party who obtains leave of Court to file an amended pleading must promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System.

***L.R. 15-2 Complete Document.*** Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading.

***L.R. 15-3 Date of Service.*** An amended pleading allowed by order of the Court shall be deemed served upon the parties who have previously appeared on the date the motion to amend is granted or the stipulation therefor is approved. Service of amended pleadings on a party who has not previously appeared shall be made as provided in L.R. 4.

## F.R.Civ.P. 19. REQUIRED JOINDER OF PARTIES

***L.R. 19-1 Fictitiously Named Parties.*** No complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties.

***L.R. 19-2 Misjoinder.*** No complaint or petition alleging violation of copyright, patent or trademark shall contain causes of action of different owners claiming violation of different copyrights, patents or trademarks, unless the complaint or petition is accompanied by a declaration of counsel setting forth grounds showing that the interests of justice will be advanced, and a multiplicity of actions avoided, by such joinder.

## F.R.Civ.P. 26. DUTY TO DISCLOSE; GENERAL PROVISIONS GOVERNING DISCOVERY

***L.R. 26-1 Conference of Parties; Report.*** At the conference of parties held pursuant to F.R.Civ.P. 26(f), the parties shall discuss the following matters in addition to those noted in F.R.Civ.P. 26(f):

(a) *Complex Cases.* The complexity of the case, and whether all or part of the procedures of the Manual For Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.

(b) *Motion Schedule.* The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.

(c) *ADR.* Selection of one of the three ADR Procedures specified in L.R. 16-15.4 as best suited to the circumstances of the case, and when the ADR session should occur. For cases in the Court-Directed ADR Program, counsel are directed to furnish and discuss with their clients the Notice to Parties of Court-Directed ADR Program in preparation for this conference. A settlement conference with a magistrate judge is generally not available for such cases.

(d) *Trial Estimate.* A preliminary estimate of the time required for trial.

(e) *Additional Parties.* The likelihood of appearance of additional parties.

(f) *Expert Witnesses.* The proposed timing of disclosures under F.R.Civ.P. 26(a)(2).

In their written report required by F.R.Civ.P. 26(f), the parties shall include their views and proposals, including any areas of disagreement, on the matters listed in this local rule. The Court will consider this report in making a referral to ADR.

***L.R. 26-2  Discovery Documents - Filing.*** When a discovery request or response is required for use in a proceeding, only that part of the document which is in issue shall be filed. All such discovery documents shall be held by the attorney pending use for the period specified in L.R. 79-3 for the retention of exhibits, unless otherwise ordered by the Court. Discovery documents lodged with the Court for a motion or a trial which are not used in said motion or trial shall be returned by the clerk to the party lodging the document at the conclusion of the motion or trial.

***L.R. 26-3  Exhibits in Discovery***

***L.R. 26-3.1  Numbering of Exhibits.*** Documents introduced in discovery shall be numbered sequentially. Only one exhibit number shall be assigned to any given document. Exhibits shall be numbered without regard to the identity of the party introducing the exhibits.

If possible, each new exhibit shall be given the next available number. If it is not possible to do so (as, for example, when multiple depositions are conducted on the same day), then the parties shall break the sequence and use higher numbers to avoid duplication.

***L.R. 26-3.2  Duplicate Exhibits.*** Any exhibit which is an exact duplicate of an exhibit previously numbered shall bear the same exhibit number regardless of which party is using the exhibit. Any version of any exhibit which is not an exact duplicate shall be marked and treated as a different exhibit bearing a different exhibit number.

***L.R. 26-3.3  Inadvertent Numbering of a Duplicate Exhibit.*** If, through inadvertence, the same exhibit has been marked with different exhibit numbers, the parties shall assign the lowest such exhibit number to the exhibit and conform all deposition transcripts and exhibits to reflect the lowest number. The superseded number shall not be reused by the parties.

Example: If the same exhibit has been marked as 52 in the deposition of A and 125 in the depositions of B, C and/or D, the exhibit marked 125 shall be renumbered 52 and the depositions of B, C and D shall be conformed to the renumbered exhibit. Thereafter, number 125 shall not be used.

***L.R. 26-3.4  Designation of Exhibit Sub-Parts.*** If it is necessary to identify sub-parts of a document that has been marked as an exhibit, then such sub-parts shall be designated by the number of the exhibit followed by a number designation.

Example: If a three-page contract is marked as Exhibit No. 12, the pages of the contract may be marked as Exhibits 12-1, 12-2, and 12-3; the entire document shall be referred to as Exhibit 12.

***L.R. 26-3.5  Exhibits - Internal Control Numbering.*** In addition to exhibit numbers, documents may bear other numbers or letters used by the parties for internal control purposes.

## F.R.Civ.P. 38.  RIGHT TO A JURY TRIAL; DEMAND

*L.R. 38-1 Jury Trial Demand - Included in Pleading.* If the demand for jury trial is included in a pleading, it shall be set forth at the end thereof and be signed by the attorney for the party making the demand. The caption of such a pleading shall also contain the following: "DEMAND FOR JURY TRIAL."

*L.R. 38-2 Jury Trial Demand - Removed Cases Where Jury Trial Not Demanded Prior to Removal.* In all such cases removed to this Court which are not at issue at the time of removal, the demand for jury trial must be filed within ten (10) days after service of the last responsive pleading addressed to an issue triable by right by a jury. If the matter already is at issue at the time of removal, the demand must be filed within ten (10) days after the filing of the notice of removal if the demand is made by the removing party, and within ten (10) days after service of filing of the notice of removal if the demand is made by a party other than the removing party.

*L.R. 38-3 Jury Trial Demand - Marking Civil Cover Sheet Insufficient.* Marking the Civil Cover Sheet shall not be deemed a sufficient demand to comply with F.R.Civ.P. 38(b) or L.R. 38-1 and 38-2.

*L.R. 38-4 Exceptions.* The provisions of L.R. 38-3 shall not prevent the use of printed forms provided by the Clerk or by the Administrative Office of the United States Courts.

## F.R.Civ.P. 41. DISMISSAL OF ACTIONS

*L.R. 41-1 Dismissal - Unreasonable Delay.* Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution.

*L.R. 41-2 Dismissal - Effect.* Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice.

*L.R. 41-3 Reinstatement - Sanctions.* If any action dismissed pursuant to L.R. 41-1 is reinstated, the Court may impose such sanctions as it deems just and reasonable.

*L.R. 41-4 Refiling of Dismissed Action.* If any action dismissed pursuant to L.R. 41-1 is refiled as a new action, the party filing the later action shall comply with the requirements of L.R. 83-1.2.2.

*L.R. 41-5 Dismissal - Failure to Appear.* If a party, without notice to the Court, fails to appear at the noticed call of any action or proceeding, the matter is subject to dismissal for want of prosecution.

*L.R. 41-6 Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.* A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

## F.R.Civ.P. 56. SUMMARY JUDGMENT

*L.R. 56-1 Documents Required From Moving Party.* A party filing a notice of motion for summary judgment or partial summary judgment shall lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law." Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine dispute. A party seeking summary judgment shall lodge a proposed Judgment; a party seeking partial summary judgment shall lodge a proposed Order.

*L.R. 56-2 Statement of Genuine Disputes of Material Fact by Opposing Party.* Any party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.

*L.R. 56-3 Determination of Motion.* In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included

in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

## F.R.Civ.P. 83.  Rules by District Courts; Judge's Directives

### L.R. 83-1  Assignment of Cases - Notice of Related Cases in Central District, Other Actions, or Petitions to Multidistrict Panel

**L.R. 83-1.1  Assignment of Cases.** All actions shall be assigned when commenced to individual judges and magistrate judges of this Court in the manner provided by General Order.

#### L.R. 83-1.2  Refiling of Actions

**L.R. 83-1.2.1  Improper Refiling of Actions.** It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge.

**L.R. 83-1.2.2  Duty on Refiling of Actions.** Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

#### L.R. 83-1.3  Notice of Related Cases

**L.R. 83-1.3.1  Notice of Related Civil Cases.** It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:

(a) arise from the same or a closely related transaction, happening, or event;

(b) call for determination of the same or substantially related or similar questions of law and fact; or

(c) for other reasons would entail substantial duplication of labor if heard by different judges.

That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c).

The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors. All facts that appear relevant to such a determination must be set forth.

The Notice must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another. The Notice must be served on all parties who have appeared in the case and concurrently with service of the complaint.

**L.R. 83-1.3.2  Notice of Related Civil Forfeiture and Criminal Cases.** It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever a civil forfeiture case and a criminal case:

(a) arise from the same or a closely related transaction, happening, or event;

(b) call for determination of the same or substantially related or similar questions of law and fact; or

(c) involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges.

The Notice must include a brief factual statement that explains how the cases in question are related under the foregoing factors.

The Notice must be filed at the time a civil forfeiture case appearing to relate to a criminal case is filed, or as soon thereafter as it appears such cases are related. The Notice must be served on all parties who have appeared in the case and concurrently with service of the complaint.

**L.R. 83-1.3.3  *Opposition.*** Within five days of receiving service of a Notice of Related Cases, or within five days of first appearing in the case, any party to the case may file and serve a short statement setting forth reasons that the case does not qualify as a related case under these rules.

**L.R. 83-1.3.4  *Continuing Duty.*** It shall be the continuing duty of the attorney in any case to file a Notice of Related Cases as required by these rules.

### L.R. 83-1.4  *Notice of Pendency of Other Actions or Proceedings*

**L.R. 83-1.4.1  *Notice.*** Whenever a civil action filed in or removed to this Court involves all or a material part of the subject matter of an action then pending before the United States Court of Appeals, Bankruptcy Appellate Panel, Bankruptcy Court or any other federal or state court or administrative agency, the attorney shall file a "Notice of Pendency of Other Actions or Proceedings" with the original complaint or petition filed in this Court. The duty imposed by L.R. 83-1.4 continues throughout the time an action is before this Court.

**L.R. 83-1.4.2  *Notice - Contents.*** The Notice of Pendency of Other Actions or Proceedings shall contain:

(a) A description sufficient to identify all other actions or proceedings;

(b) The title of the court or administrative body in which the other actions or proceedings are pending;

(c) The names of the parties or participants in such other actions or proceedings;

(d) The names, addresses and telephone numbers of the attorneys in such other actions or proceedings; and

(e) A brief factual statement setting forth the basis for the attorney's belief that the action involves all or a material part of the subject matter of such other actions or proceedings.

**L.R. 83-1.4.3  *Notice of Petition to the Judicial Panel on Multidistrict Litigation - Duty of Counsel.*** The attorney shall comply with L.R. 83-1.4 promptly upon learning that an action or proceeding filed in this Court is the subject of or is related to an action which is before the Judicial Panel on Multidistrict Litigation, or which has been transferred by it pursuant to 28 U.S.C. § 1407.

### L.R. 83-2.2  *Parties Without Attorneys*

**L.R. 83-2.2.1  *Individuals.*** Any person representing himself or herself in a case without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel.

**L.R. 83-2.2.2  *Organizations.*** Only individuals may represent themselves *pro se*. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.

**L.R. 83-2.2.3  *Compliance With Federal Rules.*** Any person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P.

**L.R. 83-2.2.4  *Sanctions.*** Failure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default.

**L.R. 83-2.4  Notification of Change of Name, Address, Firm Association, Telephone Number, Facsimile Number or E-Mail Address.**  An attorney who is a member of the bar of this Court or who has been authorized to appear in a case in this Court, and any party who has appeared pro se in a case pending before the Court, and who changes his or her name, office address (or residence address, if no office is maintained), law firm association (if any), telephone number, facsimile number, or e-mail address must, within five (5) days of the change, notify the Clerk of Court in writing. If any actions are currently pending, the attorney or party must file and serve a copy of the notice upon all parties.

**L.R. 83-2.5  Communications with the Judge.**  Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present.  All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

## LAWYER REFERRAL SERVICES

*The District Court does not endorse or warrant the services provided by any of the below organizations. The information is provided merely as a service to you.*

**Los Angeles County**
Beverly Hills Bar Lawyer Referral & Information Service / 310-553-4022
Burbank Bar Association (Lawyer Referral Service and Legal Aid) / 818-843-0931
El Centro de Accion, Inc. Community Service / 626-792-3148
Glendale Bar Association Lawyer Referral Service / 818-956-1633
Los Angeles County Bar Association Lawyer Referral & Information Service / 213-243-1525
Long Beach Bar Association (Lawyer Referral Service) / 562-988-1122
San Fernando Valley Bar Association Lawyer Referral and Information Service/ 818-340-4529
San Gabriel Valley Lawyer Referral Service / 626-966-5530
Santa Monica Bar Association (Lawyer Referral & Information Service) / 310-581-5163
Southeast District Bar Association (Lawyer Referral Service) / 562-868-6787

**Orange County**
Orange County Bar Association Lawyer Referral & Information Service / 949-440-6747
Orange County Trial Lawyers (Lawyer Referral Service) / 714-571-5204

**Riverside County**
Lawyer Referral Service of the Riverside County Bar Assn. / 951-682-7520 or 760-568-5555

**San Bernardino County**
San Bernardino County Bar Association Lawyer Referral Service / 909-888-6791
San Gabriel Valley Lawyer Referral Service / 626-966-5530
Western San Bernardino County Bar Association (Lawyer Referral Service) / 909-945-2980

**Santa Barbara County**
Lawyer Referral Service of the Santa Barbara County Bar Association / 805-569-9400

**Ventura County**
San Fernando Valley Bar Association Lawyer Referral and Information Service/ 818-340-4529
        (serves Ventura and San Fernando Valley)
Ventura County Bar Association / 805-650-7599

## SERVICIOS DE LOCALIZACIÓN DE ABOGADOS

*El Tribunal de Distrito no avala ni garantiza los servicios prestados por cualquiera de las organizaciones que figuran a continuación. Se provee esta información solamente como un servicio al público.*

### Condado de Los Angeles

**Beverly Hills Bar Lawyer Referral & Information Service / 310-553-4022**
 *Servicio de Información y Localización de Abogados del Colegio de Abogados de Beverly Hills*

**Burbank Bar Association (Lawyer Referral Service and Legal Aid) / 818-843-0931**
 *Colegio de Abogados de Burbank (Servicio de Localización de Abogados y Asistencia Legal)*

**El Centro de Acción, Inc. Community Service** *Servicio Comunitario* **/ 626-792-3148**

**Glendale Bar Association Lawyer Referral Service / 818-956-1633**
 *Servicio de Localización de Abogados del Colegio de Abogados de Glendale*

**Los Angeles County Bar Association Lawyer Referral & Information Service / 213-243-1525**
 *Servicio de Información y Localización de Abogados del Colegio de Abogados del Condado de Los Angeles*

**Long Beach Bar Association (Lawyer Referral Service ) / 562-988-1122**
 *Colegio de Abogados de Long Beach (Servicio de Localización de Abogados)*

**San Fernando Valley Bar Association Lawyer Referral & Information Service / 818-340-4529**
 *Servicio de Información y Localización de Abogados del Colegio de Abogados del Valle de San Fernando*

**San Gabriel Valley Lawyer Referral Service / 626-966-5530**
 *Servicio de Localización de Abogados del Valle de San Gabriel*

**Santa Monica Bar Association (Lawyer Referral & Information Service) 310-581-5163**
 *Colegio de Abogados de Santa Mónica (Servicio de Información y Localización de Abogados)*

**Southeast District Bar Association (Lawyer Referral & Information Service) / 562-868-6787**
 *Colegio de Abogados del Distrito Sureste (Servicio de Información y Localización de Abogados)*

### Condado de Orange

**Orange County Bar Association Lawyer Referral & Information Service / 949-440-6747**
 *Servicio de Información y Localización de Abogados del Colegio de Abogados del Condado de Orange*

**Orange County Trial Lawyers (Lawyer Referral Service) / 714-571-5204**
 *Abogados Judiciales del Condado de Orange (Servicio de Localización de Abogados)*

### Condado de Riverside

**Lawyer Referral Service of the Riverside County Bar Assn. / 951-682-7520 o 760-568-5555**
 *Servicio de Localización de Abogados del Colegio de Abogados del Condado de Riverside*

### Condado de San Bernardino

**San Bernardino County Bar Association Lawyer Referral & Information Service / 909-888-6791**
 *Servicio de Información y Localización de Abogados del Colegio de Abogados del Condado de San Bernardino*

**San Gabriel Valley Lawyer Referral Service / 626-966-5530**
 *Servicio de Localización de Abogados del Valle de San Gabriel*

**Western San Bernardino County Bar Association (Lawyer Referral Service) / 909-945-2980**
*Colegio de Abogados del Condado de San Bernardino Oeste, (Servicio de Localización de Abogados)*

## Condado de Santa Bárbara

**Lawyer Referral Service of the Santa Barbara County Bar Association / 805-569-9400**
*Servicio de Localización de Abogados del Colegio de Abogados del Condado de Santa Bárbara*

## Condado de Ventura

**San Fernando Valley Bar Association Lawyer Referral & Information Service / 818-340-4529**
*Servicio de Información y Localización de Abogados del Colegio de Abogados del Valle de San Fernando (En servicio a Ventura y el Valle de San Fernando)*

**Ventura County Bar Association / 805-650-7599**
*Colegio de Abogados del Condado de Ventura*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET INSTRUCTIONS

All civil actions presented to the Clerk for filing must be accompanied by a Civil Cover Sheet (Form CV-71), in duplicate, completed and signed by the attorney or party presenting the matter. Local Rule 3-1. Neither the Civil Cover Sheet nor the information it contains, however, replaces or supplements the filing and service of pleadings or other papers as required by law, except as provided by the Court's local rules. The attorney or self-represented party filing a case should complete the Civil Cover Sheet as follows:

I.  **(a) PLAINTIFFS - DEFENDANTS.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify the agency first, then the official, including both the official's name and title.

**(b) COUNTY OF RESIDENCE.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.

**(c) ATTORNEYS.** Enter the name of the attorney of record and the attorney's firm name, address, and telephone number. A self-represented party must enter his or her own name and information. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)." See Local Rule 83-2.4 for information regarding changes to an attorney's or self-represented party's name, address, firm association, phone number, fax number, or e-mail address. See Local Rule 41-6 regarding dismissal of an action when a self-represented plaintiff fails to keep the Court apprised of his or her current address.

II.  **JURISDICTION.** Place an "X" in <u>one</u> of the boxes, to indicate the basis of the Court's jurisdiction. If there is more than one basis of jurisdiction, precedence is determined in the following order:

(1) United States plaintiff. Jurisdiction based on 28 U.S.C. §1345 or § 1348. Includes suits by agencies and officers of the United States.

(2) United States defendant. The plaintiff is suing the United States, its officers, or agencies.

(3) Federal question. Refers to suits under 28 U.S.C. § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress, or a treaty of the United States. (If the U.S. is a party, however, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.)

(4) Diversity of citizenship. Refers to suits under 28 U.S.C. § 1332, where parties are citizens of different states. If box 4 is checked, the citizenship of the different parties must be checked in Section III. (NOTE: federal question actions take precedence over diversity cases.)

III.  **CITIZENSHIP (RESIDENCE) OF PRINCIPAL PARTIES.** This section must be completed if diversity of citizenship is the basis of jurisdiction in Section II. Mark this section for each principal party.

IV.  **ORIGIN.** Place an "X" in one of the six boxes:

(1) Original Proceedings. For cases that originate in the United States district courts.

(2) Removed from State Court. For proceedings initiated in state courts that are removed to the district courts under 28 U.S.C. § 1441.

(3) Remanded from Appellate Court. For cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. For cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under 28 U.S.C. § 1404(a). Do NOT use this for within-district transfers or multidistrict litigation transfers. If this box is checked, do NOT check (6) below.

(6) Multidistrict Litigation. For multidistrict cases transferred into the district under 28 U.S.C. § 1407. If this box is checked, do NOT check (5) above.

V.    **REQUESTED IN COMPLAINT.** *Jury Demand:* Indicate whether a jury is being demanded. *Class Action:* Indicate whether you are filing a class action under Rule 23, F.R.Cv.P. *Demand:* Enter the dollar amount (in thousands of dollars) being demanded or indicate other demand, e.g., preliminary injunction.

VI.    **CAUSE OF ACTION.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. (Example: 47 U.S.C. § 553. Unauthorized reception of cable service.)

VII.    **NATURE OF SUIT.** Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more that one nature of suit, select the most definitive.

VIII.    **VENUE.** This section is used to determine the division of the Court to which this case will initially be assigned. The initial assignment is subject to change, in accordance with the Court's general orders. Use questions A, B, C, and D to determine the correct initial division assignment, then enter that division in question E. Also answer question F.

IX.    **(a) IDENTICAL CASES.** Indicate whether an identical action has previously been filed in or removed to this Court. List the docket number and judge's name for any identical case(s).

    **(b) RELATED CASES.** Using the definition of "related" cases that appears in this section, indicate whether the present case is related to any other case previously filed in this Court. List the docket number and presiding judge's name for any related case(s). Check all boxes that apply.

X.    **SIGNATURE.** The attorney or self-represented litigant must sign and date this form.